**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**ILEANA NIEVES-SANCHEZ,
Plaintiff**

v.                                                                                                         **CIVIL NO. 05-1484(DRD)**

**COMMONWEALTH OF PUERTO RICO,
et al.,
Defendants**

**OPINION AND ORDER**

Pending before the Court is co-defendants, the Commonwealth of Puerto Rico; Juan Flores-Galarza, former Secretary of the Department of the Treasury, Juan Carlos Mendez, Secretary of the Treasury; and Jose Luis Ojeda, in their personal and official capacities' *Partial Motion to Dismiss on the Pleadings Pursuant to Fed.R.Civ.P. 12(c) as a Matter of Law and Memorandum in Support Thereof* (Docket No. 14) moving the Court to dismiss plaintiff's complaint against the appearing co-defendants. The appearing co-defendants sustain that plaintiff's 42 U.S.C. §1983 claims against the Commonwealth of Puerto Rico, and the co-defendants in their official capacities, and all plaintiff's state law claims against the state and defendants in their official capacities for monetary damages should be dismissed.

For the reasons stated herein, the appearing co-defendants *Partial Motion to Dismiss on the Pleadings Pursuant to Fed.R.Civ.P. 12(c) as a Matter of Law and Memorandum in Support Thereof* (Docket No. 14) is hereby **GRANTED**.

**I. FACTUAL BACKGROUND**

Plaintiff, Ileana Nieves-Sanchez is an ex-employee of defendants and filed the instant complaint alleging that defendants, acting under color of authority, violated plaintiff's constitutional rights, in specific her First Amendment rights under the Constitution of the United States because it is known by defendants that plaintiff is a strong supporter and political activist of the opposing political party to which defendants belong. Plaintiff sustains that she has suffered damages pursuant to 42 U.S.C. §§1981, 1983, 1985, 1986, the First, Fifth, and Fourteenth Amendments of the Constitution of the United States. Further, plaintiff has also stated a prayer for relief under supplemental jurisdiction pursuant to Sections 1, 4, 6, 7, 8, and 16 of the Constitution of the Commonwealth of Puerto Rico, and Articles 1802, 1803 of the Puerto Rico Civil Code, and Law 100. Finally, plaintiff seeks Two Million Dollars ($2,000,000.00) as monetary damages.

The appearing defendants have moved for dismissal with prejudice on several of plaintiff's claims sustaining that plaintiff cannot recover monetary damages from the Commonwealth nor its officials if sued in their official capacity because of the protection afforded by the Eleventh Amendment. Furthermore, defendants sustain that the Eleventh Amendment precludes plaintiff from claiming monetary damages against the Commonwealth and its officers acting in their official capacities under Puerto Rico Civil Code Articles 1802, and 1803. Finally, the appearing co-defendants affirm that the Commonwealth of Puerto Rico nor the Treasury Department or its employees acting in their official capacities may be sued under Local Law 100 because the language of the law clearly provides that the statute applies to an "employer", and the Government is not an employer according to the definition provided within the statute. Co-defendants aver that the statute provides that Local Law 100 includes all Government's agencies and instrumentalities operating as a private business or agencies and that for purposes of the statute, the Treasury Department is not a Government's agency or instrumentality operating as a private business or an agency.[1]

## II. JUDGMENT ON THE PLEADINGS AND FED.R.CIV.P. 12(c)

The FEDERAL RULES OF CIVIL PROCEDURE allow a party to move for judgment on the pleadings, "[a]fter the pleadings are closed but within such time as not to delay the trial . . . ." See FED.R.CIV.P. 12(c). When considering a motion under Rule 12(c), courts "must accept all of the non-movant's well-pleaded factual averment as true and draw all reasonable inferences in [his or her] favor." See Santiago de Castro v. Morales Medina, 943 F.2d 129, 130 (1st Cir. 1991)(citing Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988)). Although the First Circuit Court of Appeals recognized that "nothing in the text of Rule 12(c) compels [a] court to apply any particular standard when deciding whether to grant or deny a motion for judgment on the pleadings," Nepsk, Inc. v. Town of Houlton, 283 F.3d 1, 8 (1st Cir. 2002), on several previous occasions that Court has reiterated the long-standing standard that judgment on the pleadings, under Rule 12(c), "may not be entered unless it appears beyond a doubt that the nonmoving party can prove no set of facts in support of her claim which would entitle her to relief." Feliciano v. Rhode Island, 160 F.3d 780,

---

[1] The Court notes that plaintiff requested an extension of time until September 6, 2005, to file its opposition to defendants' request for dismissal. Notwithstanding, plaintiff filed its opposition on the 25th day of September 2005, that is past the self-imposed deadline. Therefore, defendants' *Motion for Short Extension of Time to File Opposition to Motion to Dismiss* (Docket No. 15) is hereby **DENIED**. Consequently, the Court deems that defendant's motion to dismiss is unopposed pursuant to Local Civil Rule 7.1(b). *See*, Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987))(disobedience of court orders is inimical to the orderly administration of justice and, in and of itself, can constitute extreme misconduct); Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998)(a litigant who ignores a case-management deadline does so at his peril).

788 (1st Cir. 1998); Gaskell v. Harvard Cooperative Society, 3 F.3d 495, 497-98 (1st Cir. 1993); International Paper Co. v. Jay, 928 F.2d 480, 482 (1st Cir. 1991). Thus, under Rule 12(c), courts need not credit conclusory statements or merely subjective characterizations, but rather plaintiffs must set forth in their complaint specific, nonconclusory factual allegations regarding each material element necessary to sustain recovery. Coyne v. City of Somerville, 972 F.2d 440, 444 (1st Cir. 1992); Dartmouth Review v. Dartmouth Coll., 889 F.2d 13, 16 (1st Cir. 1989).  Pursuant to this standard, the Court now reviews Plaintiffs' pleadings.

### III. ELEVENTH AMENDMENT IMMUNITY

Defendants' argument turns on the principle that a claim for monetary damages against a defendant acting in his state official capacities is precluded by the Eleventh Amendment of the Constitution.  Plaintiff seeks monetary damages and attorney fees for alleged civil rights violations under 42 U.S.C. § 1981, 1983, 1985, and 1986. Defendants argue that as long as monetary damages are sought with regard to appearing State officers **in their official capacities,** this complaint should be dismissed pursuant to Fed.R.Civ.P. 12(c).

The Eleventh Amendment proscribes that "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI.  The Eleventh Amendment renders states, including Puerto Rico, immune from claims brought in federal courts by citizens of the same or any other state.[2] Metcalf & Eddy v. P.R. Aqueduct & Sewer Authority, 991 F.2d 935, 938 (1st Cir. 1993); De Leon Lopez v. Corporacion Insular de Seguros, 931 F.2d 116,121 (1st Cir. 1991).

There are of course exceptions to this rule.  Specifically, the Eleventh Amendment protection does not apply in four (4) circumstances: a state may consent to be sued in federal forum; a state may waive its own immunity by statute or the like; Congress may abrogate state immunity; or, if

---

[2] In an unbroken string of cases over the last two decades, the First Circuit consistently has held that Puerto Rico is considered a "State" for Eleventh Amendment purposes, and therefore Eleventh Amendment applies with full force to the Commonwealth of Puerto Rico. See, e.g., Negron Gaztambide v. Hernandez Torres, 145 F.3d 410 (1st Cir.1998); Metcalf & Eddy, Inc. v. Puerto Rico Aqueduct & Sewer Auth., 991 F.2d 935, 939 n. 3 (1st Cir.1993); Aviles-Martinez v. Monroig, 963 F.2d 2, 8 (1st Cir.1992); De Leon Lopez v. Corporacion Insular de Seguros, 931 F.2d 116, 121 (1st Cir.1991); Culebras Enterprises Corp. v. Rivera Rios, 813 F.2d 506, 516 (1st Cir.1987); Ainsworth Aristocrat Int'l Pty., Ltd. v. Tourism Co. of P.R., 818 F.2d 1034 (1st Cir.1987); Fernandez v. Chardon, 681 F.2d 42, 59 n. 13 (1st Cir.1982) (Puerto Rico enjoys the full benefits of the Eleventh Amendment); Ezratty v. Com. of Puerto Rico, 648 F.2d 770, 776 n. 7 (1st Cir.1981) ("The principles of the Eleventh Amendment, which protect a state from suit without its consent, are fully applicable to the Commonwealth of Puerto Rico."); Litton Indus., Inc. v. Colon, 587 F.2d 70 (1st Cir.1978) (action against Puerto Rico barred by Eleventh Amendment, unless immunity is expressly abrogated by Congress acting under the Fourteenth Amendment).

circumstances allow, other constitutional imperatives may take precedence over the Eleventh Amendment's bar. Metcalf at 938. In the present case, none of these exceptions are raised.

Eleventh Amendment immunity does not solely protect the State. Rather, since a State only exists through its instrumentalities, Eleventh Amendment immunity also extends to arms or "alter egos" of the State. Ainsworth Aristocrat Int'l Pty. Ltd. v. Tourism Co. of Puerto Rico, 818 F.2d 1034, 1036 (1st Cir.1987); see also, Mount Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977). In addition to state agencies and institutions, Eleventh Amendment immunity may also attach to suits against state officials "when the state is the real, substantial party in interest." Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 101, 104 (1984). Although, state officials are literally persons, a suit against a state official in his official capacity is not a suit against the official but rather is a suit against the official's office. Will v. Michigan Dept. of Tate Police, 491 US 58, 70-71 (1989); Brandon v. Holt, 469 U.S. 464, 471 (1985). As such, it is no different from a suit against the State itself, therefore, immunity attaches to state officials, in their official capacity. See also, Kentucky v. Graham, 473 U.S. 159, 165-166 (1985); Monell, supra, at 690, n. 55.

### IV. LEGAL ANALYSIS

As stated previously, it is black letter law, that the protection afforded by the Eleventh Amendment protects the State but it is also extended to the State's agencies since the State can only exist through its instrumentalities. Similarly, the immunity also attaches to state agents acting in their official capacities since the suit is not against the official himself rather against the office hence the state is the substantial party in interest. The Court must then examine whether the Puerto Rico Treasury Department is in fact an "alter ego" of the state since this determination is the crux of co-defendants' arguments.

The Court notes that at the time the Constitution of Puerto Rico was enacted, amongst others, the Department of the Treasury was established and was to be headed by a Secretary appointed by the Governor.[3] Furthermore, the Constitution also provides that the Secretaries appointed by the Governor were to assist him in exercising its executive power.[4] Moreover, the Secretary of the

---

[3] Article IV, §6 of the Constitution of Puerto Rico provides that: "[w]ithout prejudice to the power of the Legislative Assembly to create, reorganize and consolidate departments and to define their functions, the following departments are hereby established: State, Justice, Education, Health, Treasury, Labor, Agriculture and Commerce, and Public Works. Each of these executive departments shall be headed by a Secretary."

[4] Article IV, §5 of the Constitution of Puerto Rico states in its relevant parts that: "[f]or the purpose of exercising executive power, the Governor shall be assisted by Secretaries..."

Treasury is authorized by statute to delegate to officials and employees of his department, such duties, powers and prerogatives vested in him by the Legislative Assembly of Puerto Rico for the proper exercise and fulfillment of such duties, powers and prerogatives.[5]  Similarly, said authorization does not include the powers vested in the Secretary to make regulations on matters of public interest.  Moreover, the Secretary of the Treasury is vested with the power to prescribe and promulgate such rules and regulations necessary to implement the Puerto Rico Government Accounting Act, 3 P.R. Laws Ann. §283 *et seq*.  3 P.R. Laws Ann. §283(m).  Accordingly, the Court takes Judicial Notice that, for instance, the Department of the Treasury has promulgated Regulations to establish an uniform procedure to adjudicate matters under the jurisdiction of the Treasury Department.[6]

Amongst the duties to be performed by the Treasury Department and its Secretary, the Court notes that it is authorized to implement the Puerto Rico Government Accounting Act, 3 P.R. Laws Ann. §283 *et seq*.; it is authorized to designate agents for the sale of Internal Revenue stamps, securities or vouchers as authorized by law, and to promulgate such rules and regulations as necessary to enforce this duty, 13 P.R. Laws Ann. §311 *et seq*.; it is authorized to collect payment of taxes and to accept total or partial payment for outstanding income taxes owed, 13 P.R. Laws Ann. §331 *et seq*.; it is empowered to promulgate rules and regulations necessary to administer the Hospital Facilities Tax Exemption Act, 13 P.R. Laws Ann. §371 *et seq*.; it is authorized to issue promissory notes of the Commonwealth of Puerto Rico, 13 P.R. Laws Ann. §57.

Furthermore, the Uniform Administrative Procedure Act, 3 P.R. Laws Ann. §2102(a), defines an agency as "... any board, ... department, authority, official, person, entity or any instrumentality of the Commonwealth of Puerto Rico or administrative body authorized by law to perform regulating, investigating or decision making functions, or with the power to issue licenses, certificates, permits, concessions, accreditation, privileges, franchises, or to accuse or adjudicate".  Specifically, the Act provides that there are specific offices, bodies, commissions, and

---

[5] 3 P.R. Laws Ann. §231a provides that "[t]he Secretary of the Treasury is hereby authorized to delegate to officials or employees of his Department, appointed by him, such duties, powers and prerogatives vested in him by the Legislature of Puerto Rico, as he may deem necessary and proper for the exercise and fulfillment of such duties, powers, and prerogatives.  This authorization does not include the powers vested by law in the Secretary of the Treasury to make regulations on matters of public interest".

[6] *See* Regulation 3391, *Uniform Procedure to Adjudicate Matters before the Department of the Treasury* (Translations ours.); Echegary-Daleccio v. Departamento de Hacienda, 2005 WL 3722962 (P.R. Court of Appeals, December 20, 2005).

instrumentalities excluded from the applicability of the Act and the Court notes that the Department of the Treasury is not excluded from the Act. 3 P.R. Laws Ann. §2102(a). Furthermore, the Act defines that the Head of the Agency is the person or group of persons upon whom the final statutory authority of the agency has been conferred upon by law. 3 P.R. Laws Ann. §2102(ch). Moreover, in its section 3.1, the Uniform Administrative Procedure Act provides the procedures to be followed in formal and informal adjudicative proceedings however, a special standard is delineated for those "proceedings relative to acts and affairs of the Secretary of the Treasury with respect to revenues of the Commonwealth". 3 P.R. Laws Ann. §2151.

Evidently, from the aforementioned language and the criteria provided to determine whether an entity is considered an agency within the Uniform Procedure Act, the Court notes that at the time the Constitution of Puerto Rico was enacted the Governor was vested with the authority to delegate in its Secretaries such necessary powers to help the Governor to fulfill its executive duties. Further, the Department of the Treasury was authorized to promulgate rules and regulations as required to fulfill the duties and responsibilities assigned by statute. Also, the Department's adjudicative proceedings have to comply with the Uniform Administrative Procedure Act which exclusively applies to agencies within the Commonwealth of Puerto Rico.

As stated previously, the Eleventh Amendment primary concern is to preclude the federal court's involvement in the disbursal of state's fisc. Metcalf, 991 F.2d at 939. Therefore, the question to be answered by the federal court when the Eleventh Amendment immunity is claimed by an entity and/or its officers is whether an adverse judgment would have to be satisfied by the state's fisc. University of Rhode Island v. A.W. Chesterton, 2 F.3d 1200, 1203 (1st Cir. 1993). Should the answer be in the affirmative, it is said that the entity is an "alter ego" of the State. Id. Consequently, in order to determine whether an entity should be considered an "arm of the state", the First Circuit has developed the following list of factors: 1) whether the entity performs an "essential" or "traditional" governmental function as oppose to nonessential or merely proprietary ones; 2) whether the entity exercises substantial autonomy over its internal operations; 3) whether the entity enjoys meaningful access to, and controls over, funds not appropriated from the State Treasury; 4) whether the entity possesses the status of a separate "public corporation"; 5) whether the entity may sue and be sued in its own name; 6)) whether the entity can enter into contracts in its own names 7) ) whether the entity has been granted a state tax exemption on its property; and 8) ) whether the entity has been expressly debarred from incurring debts in the State's name or behalf. Metcalf, 991 F.2d at 939-940; *see also*, the plethora of criteria in a comprehensive opinion set forth

at Fresenius Medical Care Cardiovascular Resources, Inc. v. Puerto Rico and the Caribbean Cardiovascular Center Corp., 322 F.3d 56 (1st Cir. 2003).

A detailed examination of the factors established by the First Circuit Court renders, that the Department of the Treasury performs an essential governmental function and does not hold the status of a public corporation. In essence, it was created by statute in order for the Governor be able to exercise his constitutional powers and comply with his duties. Further, the Department has the traditional function, amongst others, of assessing and collecting taxes on behalf of the state. Therefore, the Court determines that, undoubtedly, the Department of the Treasury is an agency and/or instrumentality of the Commonwealth of Puerto Rico's Government. In other words, the Department of Treasury is an "alter ego" or an "arm of the state" of the Commonwealth of Puerto Rico for purposes of the Eleventh Amendment protection. Consequently, should an adverse judgment be awarded in favor of plaintiff would have to be paid by the State Treasury. Therefore, the immunity afforded by the Eleventh Amendment to the state' instrumentalities include comprehensively the Department of the Treasury, its agents and employees acting in official capacity.[7]

### A) Plaintiff's Federal Law Claims

As stated previously, plaintiff has asserted various claims under the Constitution of the United States and under the Civil Rights Act. However, since the Court has determined that the Department of Treasury is an "alter ego" of the Commonwealth of Puerto Rico, the immunity afforded by the Eleventh Amendment bars monetary claims against the State, officials and employees acting in their official capacity. Fresenius, 322 F.3d at 61-62; Metcalf, 991 F.2d at 938.

It is black letter law that neither a State nor its agents acting in official capacity are to be sued pursuant to §1983. Wang v. New Hampshire Board of Registration in Medicine, 55 F.3d 698, 700 (1st Cir. 1995)(citations omitted). This is so because §1983 did not abrogated an unconsenting state's Eleventh Amendment immunity from being sued for damages in the federal jurisdiction. Vicenty-Martel v. Estado Libre Asociado de Puerto Rico, 48 F.Supp.2d 81, 92 (D.P.R. 1999). Similarly, sections 1981, and 1986 does not contain congressional abrogations to state's Eleventh Amendment

---

[7] Notwithstanding, the Court notes that in plaintiff's tendered opposition to defendants' dismissal motion, plaintiffs acquiesced to defendants' position as to the Department of the Treasury being an agency.

immunity.[8] Furthermore, it has been held that a public corporation and an instrumentality of the Commonwealth of Puerto Rico are not "persons" within the provisions of 42 U.S.C. §1985. *See* Rosado-Maysonet v. Solis, 409 F.Supp. 576, 580 (D.P.R. 1975).

Co-defendants, in this action, were sued both in their personal and official capacity as high ranking officials of the Treasury Department. Insofar as Co-efendants are sued for actions taken in their official capacities, this is "only another way of pleading an action against . . . ultimately, the Commonwealth of Puerto Rico." Culebras, at 516; see also Kentucky, at 165; Ford Co. v. Department of Treasury, 323 U.S. 459, 463-64 (1944). Absent a waiver by a State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court, a bar that remains in effect when state officials are sued for damages in their official capacity. Kentucky, at 159. The Eleventh Amendment precludes such actions for money damages, therefore, the Court finds that actions for money damages against co-defendants acting in their official capacities are **DISMISSED WITH PREJUDICE**. Accordingly, plaintiff's claims against the Commonwealth of Puerto Rico and the Treasury Department are equally **DISMISSED WITH PREJUDICE**. However, plaintiff's federal claims against individual co-defendants in their individual personal capacities shall continue. (*See* Hafer v.Melo, 502 U.S. 21, 30-31 (1991)(standing for the proposition that a state's officer sued in his individual capacity may beheld liable for damages under §1983 based upon actions taken in his official capacity.))

### B) Plaintiff's Local State Law Claims

Plaintiff claims that co-defendants' actions violates plaintiff's rights under several local statutes, to wit, Articles 1802 and 1803 Puerto Rico Civil Code; Law 100, and under Sections 1, 4, 6, 7, 8, and 16 of Article II of the Constitution of Puerto Rico. The Court proceeds to examine plaintiff's claims individually.

### 1) Law 100 Claims

Co-defendants sustain that plaintiff's claims pursuant to Local Law 100 should be dismissed because the statute only applies to the Commonwealth when the same operates as a business or private enterprise, and to its agents. An examination of the language contained within Local Law 100 reveals that an employer is "any natural or artificial person employing laborers, workers or

---

[8] *See* Freeman v. Michigan Department of State, 802 F.2d 1174, 1178-1179 (6th Cir. 1987)(standing for the proposition that Eleventh Amendment bars a §1981 claim against a state); True v. New York Department of Correctional Services, 613 F.Supp. 27, 31(W.D.N.Y. 1984)(Eleventh Amendment bars §1985 claims against the state); Bettencourt v. Board of Registration in Medicine of the Commonwealth of Massachusetts, 904 F.2d 772, 781 (1st Cir. 1990).

employees, and the chief, official, manager, officer, managing partner, administrator, superintendent, foreman, overseer, agent or representative of such natural or artificial person. It shall include all such agencies or instrumentalities of the Government of Puerto Rico as may be operating as private businesses or enterprises." 29 P.R. Laws Ann. §151 (1995).

However, since the Court has already determined that the Treasury Department is an "alter ego" of the central government, under the Eleventh Amendment immunity, co-defendants are precluded from seeking monetary redress from the Commonwealth, the Department of the Treasury, or its agents acting in official capacity. *See,* Marin-Piazza v. Aponte-Roque, 873 F.2d 432, 436 (1st Cir. 1989);(*see also,* Hernandez-Payero v. Puerto Rico, 338 F.Supp.2d 279 (D.P.R. 2004)(standing for the proposition that since the Puerto Rico Police Department is an "alter ego" of the Commonwealth and is protected under the immunity provided by the Eleventh Amendment, plaintiffs were precluded from claiming Law 100 violations against the Police Department.)

Therefore, plaintiff's claims under Law 100 against the co-defendants are hereby **DISMISSED WITH PREJUDICE**. Moreover, since any of the named co-defendants sued in their individual capacity were plaintiff's employer, said individual defendants are not subject of individual liability under Law 100. Accordingly plaintiff's Law 100 claims against individual co-defendants sued in their individual capacities are hereby **DISMISSED WITH PREJUDICE**. Marin-Piazza v. Aponte-Roque, 873 F.2d at 437.

**2) Claims pursuant to Articles 1802 and 1803 of the Puerto Rico Civil Code**

Plaintiff's monetary claims for damages under local law against the Commonwealth of Puerto Rico, the Treasury Department, and the individual co-defendants in their official capacities run afoul. In other words, throughout this Opinion and Order the Court has reiterated innumerous times that the Commonwealth, its agencies, and the agents acting in their official capacity are protected by the Eleventh Amendment's immunity hence, plaintiff is bereft from ascertain in federal court a cause of action under Articles 1802 and 1803 of the Puerto Rico Civil Code. Will v. Michigan Dept. of Tate Police, 491 U.S. at 70-71; Pennhurst State School & Hosp. v. Halderman, 465 U.S. at 103-104. Therefore plaintiff's claims are hereby **DISMISSED** against the co-defendants the Commonwealth of Puerto Rico, the Treasury Department, and the individual co-defendants in their official capacity **WITHOUT PREJUDICE**. Likewise, plaintiff's monetary damages claims against the named co-defendants in their individual capacities shall not be dismissed. *See generally*, Vizcarrondo v. Board of Trustees of the University of Puerto Rico, 139 F.Supp.2d 198, 208 (D.P.R. 2001)(*citing* Dogson v. University of Puerto Rico, 26 F.Supp.2d 341, 344 (1st Cir. 1978)(standing for the proposition that

although local statute authorizes tort actions against the state, sovereign immunity precludes federal jurisdiction of a tort action for damages against the Commonwealth of Puerto Rico).

## V. CONCLUSION

For the reasons stated herein, the Court hereby **GRANTS** co-defendants, the Commonwealth of Puerto Rico; Juan Flores-Galarza, former Secretary of the Department of the Treasury, Juan Carlos Mendez, Secretary of the Treasury; and Jose Luis Ojeda, in their personal and official capacities' *Partial Motion to Dismiss on the Pleadings Pursuant to Fed.R.Civ.P. 12(c) as a Matter of Law and Memorandum in Support Thereof* (Docket No. 14). Therefore, the Court hereby **DISMISSES** plaintiff's federal claims for money damages against the co-defendants acting in their official capacity **WITH PREJUDICE.** Likewise, plaintiff's federal claims for monetary damages against the Commonwealth of Puerto Rico and the Treasury Department are equally **DISMISSED WITH PREJUDICE**. Similarly, plaintiff's claims under Law 100 against the co-defendants acting in their official capacities, and in their individual capacities are hereby **DISMISSED WITH PREJUDICE**. Finally, plaintiff's claims pursuant to Articles 1802 and 1803 of the Puerto Rico Civil Code are hereby **DISMISSED** against the co-defendants the Commonwealth of Puerto Rico, the Treasury Department, and the individual co-defendants in their official capacity **WITHOUT PREJUDICE**.[9]

**IT IS SO ORDERED.**
In San Juan, Puerto Rico this 7TH day of February 2006.

                                               **S/DANIEL R. DOMINGUEZ**
                                               **DANIEL R. DOMINGUEZ**
                                               **U.S. DISTRICT JUDGE**

---

[9] The Court will refrain from issuing a partial judgment at this time. The First Circuit strongly disfavors partial judgments as they foster piecemeal appeals. See Nichols v. Cadle Co., 101 F.3d 1448, 1449 (1st Cir. 1996) ("piecemeal appellate review invites mischief. Because the practice poses a host of potential problems we have warned, time and again, that Rule 54(b) should be used sparingly."); Zayas-Green v. Casaine, 906 F.2d 18, 21 (1st Cir. 1990) ("This final judgment rule . . . furthers 'the strong congressional policy against piecemeal review.'" Id. (quoting In re Continental Investment Corp., 637 F.2d 1, 3 (1st Cir. 1980)); Comite Pro Rescate De La Salud v. Puerto Rico Aqueduct and Sewer Authority, 888 F.2d 180, 183 (1st Cir. 1989); Consolidated Rail Corp v. Fore River Ry. Co., 861 F.2d 322, 325 (1st Cir. 1988); Spiegel v. Trustees of Tufts Coll., 843 F.2d 38, 43 (1st Cir. 1988); Santa Maria v. Owens-Ill., Inc., 808 F.2d 848, 854 (1st Cir. 1986)); see also United States v. Nixon, 418 U.S. 683, 690 (1974).